IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 1 1 2006
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE



RABBI K.A. ISRAEL, a P.M.,
also known as RABBI K. GARTH
RICHARDSON,

    Plaintiff,

v.

METROPOLITAN WATER RECLAMATION
DISTRICT OF GREATER CHICAGO,
et al.,

    Defendants.

Case No 06 C 2595

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Plaintiff Rabbi K.A. Israel, a *pro se* litigant, (hereinafter, the "Plaintiff") filed a complaint against Defendants Metropolitan Water Reclamation District of Greater Chicago ("the District"), the Board of Commissioners, including Terrence J. O'Brien, Denice E. Korcal, Kathleen Theresa Meany, Gloria Alitto Majewski, Frank Aliva, Barbara McGowan, Cynthia M. Santos, Patricia Young, Harry Yourell (collectively, the "Individual Defendants") and "other defendants sought by the motion for joinder of persons needed for just adjudication," (hereinafter, the "Defendants") for allegedly violating the Age Discrimination Employment Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981 for race, national origin, sex and religious

discrimination, 42 U.S.C. 1985 and 42 U.S.C. 1988. Defendants filed a Motion to Dismiss the Plaintiff's claims (the "Motion").

## I. **FACTUAL BACKGROUND**

Since this case is before the Court all factual allegations properly pleaded are accepted as true, although some appear to be questionable to say the least.

Plaintiff is a graduate student of chemistry, physics, biological engineering, geometry, advanced mathematics and foreign languages at the University of Illinois at Chicago. On Friday, November 25, 2005, Plaintiff attempted to file an employment application with the District via e-mail. The application was for an internship, which would be awarded only upon completion of an examination. He alleges that his application was complete with an "electronic signature." On Tuesday, November 29, 2005, Plaintiff sent an additional e-mail requesting that the District confirm receipt of his application. On Wednesday, November 30, 2005, Plaintiff received the following reply:

> I received an application via e-mail, but it was not acceptable.
> The announcement states that the application must be completed and mailed or brought into our office. Also, the application is not complete. There are questions on the back side that you needed to answer in order to qualify for the examination.
> If you have any questions, please call me at 312-751-5072.
> Jackie Creen
> Assistant Personnel Analyst.

Pl. Ex. 1.

Plaintiff complains that any other "intern and apprentice engineer" who was Caucasian or European with the same qualifications and skills would have been hired immediately. Although Plaintiff does not state his race or national origin, the Court assumes that he is a member of a minority group. Plaintiff received two additional letters from the District. Plaintiff alleges that the first stated that the deadline for taking the entry level engineer's exam had changed. He alleges that the second letter stated that the qualifications had been changed.

## II. ANALYSIS

The purpose of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). On a 12(b)(6) motion, as previously noted, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true, views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Bontkowski v. First Nat. Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). Complaints of *pro se* litigants are construed liberally. *McCready v. Ebay, Inc.*, 453 F.3d 882, 890 (7th Cir. 1992). A court should not dismiss a complaint "unless it appears beyond all reasonable doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. Title VII, the ADA, and the ADEA

Plaintiff alleges that the Individual Defendants violated Title VII, the ADA, and the ADEA. Individuals, however, cannot be held liable under any of these Acts. *See U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995). Thus, Plaintiff's claims under Title VII, the ADA and the ADEA as to the Individual Defendants are dismissed with prejudice.

In order to state a claim for discrimination against the District, Plaintiff must allege that (1) he was a member of a protected group; (2) he applied for, and was qualified for, a position he sought; (3) he was rejected for the position; and (4) those who were hired had similar or lesser qualifications. *See Dvorak v. Mostardi Platt Associates, Inc.*, 289 F.3d 479, 483 (7th Cir. 2002); *Ghosh v. Indiana Dept. of Environmental Management*, 192 F.3d 1087, 1091 (7th Cir. 1999).

Plaintiff fails to establish several of the required prongs. First, Plaintiff admits in his complaint that he applied for the position via e-mail and was informed that applications were only accepted by mail or personal delivery. He also failed to complete fully the application. Second, Plaintiff fails to establish that he was qualified for the position. He is a student in biological engineering. The position, however, requires a degree in sanitary,

civil or environmental engineering. Finally, Plaintiff does not allege that Defendants knew that he was a member of a protected group, either by race, age, religion or disability. In fact, Plaintiff fails to allege that he has a disability. Thus, his failure to accommodate claim also fails. As such, his claims under Title VII, the ADA and the ADEA are dismissed.

### B. 42 U.S.C. § 1981

Section 1981 prohibits discrimination that interferes with the making of a contract, the enforcement of a contract, the enjoyment of the benefits of a contractual relationship, or the conditions of a contractual relationship. 42 U.S.C. § 1981. To sustain a claim under § 1981 Plaintiff must be a member of a racial minority, must show that the defendant had an intent to discriminate on the basis of that race, and must show that the defendant's discrimination concerned an activity enumerated in the statute. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Plaintiff fails to allege that Defendants were aware of his race. Further, he does not allege that any defendant had any intent to discriminate on the basis of race. As such, Plaintiff's § 1981 claims are dismissed.

### C. 42 U.S.C. § 1983

To establish personal liability under Section 1983 against the Individual Defendants, Plaintiff must establish that they "caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

Courts have construed this standard to require personal involvement. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999). Plaintiff does not allege any personal involvement of any of the Individual Defendants. Therefore, to the extent he claims the Individual Defendants should be personally liable, those claims are dismissed.

Plaintiff also claims that the Individual Defendants are liable in their official capacities for violations of Plaintiff's constitutional rights. A claim against an individual in his official capacity is construed as a claim against the governmental entity, in this case the District. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). A municipality cannot be held liable under § 1983 for the actions of its employees on a *respondeat superior* theory. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Accordingly, in order to establish a § 1983 claim against the District, Plaintiff must establish that the denial of his application occurred pursuant to an official District policy, custom, or practice. *Id.* at 694. In order to demonstrate that a municipal policy has violated his civil rights under § 1983, Plaintiff must allege that (1) the District had an express policy that, when enforced, causes a constitutional deprivation; (2) the District had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well

settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). An actual denial of a constitutional right is necessary before a § 1983 cause of action arises. *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982).

Even under the liberal pleading standards for *pro se* plaintiffs, Plaintiff fails to meet his burden. The policy that led to the denial of Plaintiff's application required **every individual** to submit their application either by mail or personal delivery. In addition, every application had to be completed fully to be considered. Finally, the educational requirements applied to all applicants uniformly. Such a policy did not violate Plaintiff's constitutional rights. Plaintiff's § 1983 claims are dismissed.

### D. Title 42 U.S.C. § 1985

Title 42 U.S.C. § 1985 deals with conspiracies to interfere with civil rights. One must allege a conspiracy to interfere with civil rights to raise a legally sufficient claim under this statute. Plaintiff has not alleged that any of the Defendants conspired to interfere with his employment. Naming people and entities in the caption of the complaint and then stating that the defendants violated § 1985 is insufficient to withstand a motion to

dismiss. See *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002).

### E. Title 42 U.S.C. § 1988

Section 1988 applies to the awards of attorneys' and experts' fees in actions where civil rights have been vindicated. Plaintiff is a *pro se* non-lawyer. He has not alleged that he has hired any experts in this case. Thus, he cannot seek relief under § 1988.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: December 11, 2006